J-S81008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID F. KELLY BEY | : | |
| | : | No. 789 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence March 20, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-SA-0000104-2016

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 30, 2018**

In this *nunc pro tunc* appeal,[1] David Bey challenges the judgment of sentence entered after the trial court convicted him of driving while his license was suspended pursuant to a previous conviction for driving under the influence ("DUI"). Bey's lone argument on appeal is the Honorable Todd M. Sponseller erred in refusing to recuse himself from this case after Bey requested his recusal. We affirm.

While we do not have the benefit of a transcript of the proceedings below, Bey has stipulated to the procedural and factual history as set forth by

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Bey's appellate rights were restored after he filed a petition pursuant to the Post Conviction Relief Act ("PCRA").

the Honorable Angela R. Krom in her Pa.R.A.P. 1925(a) opinion. We therefore summarize Judge Krom's recitation of the history of this appeal.

Magisterial District Judge Glenn K. Manns found Bey guilty of the summary offense of driving while his license was suspended for a previous conviction for DUI. Bey appealed this conviction to the Court of Common Pleas.

The Honorable Jeremiah D. Zook was scheduled to hear the case *de novo*. However, Bey presented an oral motion requesting Judge Zook to recuse himself. Judge Zook acknowledged he had an extensive history with Bey that included both prosecuting and defending Bey. Thus, Judge Zook recused himself, and the case was reassigned to Judge Sponseller.

At the opening of the trial before Judge Sponseller, Bey again moved for recusal, highlighting Judge Sponseller's previous defense of Bey in a summary appeal from a conviction for driving while Bey's license was suspended. Bey contended this previous representation established a conflict of interest.

Judge Sponseller noted that the case in which he represented Bey had occurred approximately seven years prior to this trial. Furthermore, he did not remember any of the particulars of the prior case. He therefore concluded there was no conflict of interest, and denied the motion to recuse.

At trial, Officer Matthew Lynch testified that at approximately 3 a.m. in the morning, he responded to a call at the Franklin County Housing Authority. Upon arriving, he encountered Bey standing on the sidewalk near an improperly parked minivan. When Officer Lynch questioned Bey about the

minivan, Bey claimed his wife had parked it there while intoxicated, and walked away.

Officer Lynch directed Bey to leave the area. Bey agreed, and started to walk away. In the meantime, however, Officer Lynch had discovered that Bey's license was suspended, and came to suspect that Bey would ultimately attempt to drive away in the minivan.

Officer Lynch drove a short way from the scene and parked his car. He then returned to the scene on foot. Upon arriving, he observed Bey enter the minivan and drive away. Officer Lynch quickly stopped Bey and charged him with driving while his license was suspended.

Bey, acting *pro se*, cross-examined Officer Lynch. This process proved contentious. For example, Bey asked Officer Lynch to elucidate the elements of a speeding violation. Judge Sponseller advised Bey to move to a different line of questioning, as speeding was not at issue. Bey responded with a declaration that Judge Sponseller was practicing law from the bench, thereby demonstrating his bias and conflict of interest.

Judge Sponseller found Bey guilty of driving while his license was suspended (DUI related). He then appointed counsel to represent Bey. Bey subsequently filed a PCRA petition in another matter asserting that then-attorney Sponseller had rendered ineffective assistance of counsel while

representing Bey.[2] In response, Judge Sponseller recused himself from hearing two other cases involving Bey.[3] Bey then filed this *nunc pro tunc* appeal.

On appeal, Bey argues Judge Sponseller's prior representation of him creates an appearance of bias, partiality, or unfairness. He does not argue that Judge Sponseller was, in fact, biased, partial, or unfair. **See** Appellant's Brief, at 16-17 ("That is not to suggest that Judge Sponseller acted with partiality, bias, or ill-will. There is no evidence of that in the record.")

The party who asserts that a trial judge should be disqualified must "produce evidence establishing bias, prejudice, or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." **Arnold v. Arnold**, 847 A.2d 674, 680 (Pa. Super. 2004) (citation omitted). There is a presumption that judges of this Commonwealth are "honorable, fair and competent," **In re Lokuta**, 11 A.3d 427, 453 (Pa. 2011) (citation omitted) (Baer, J., concurring), and, when confronted with a recusal demand, are able to determine whether they can rule "in an impartial manner, free of personal

---

[2] This petition is not in the certified record on appeal, but is referenced in Judge Krom's opinion and in Bey's appellate brief. As noted above, Bey adopted Judge Krom's factual and procedural summary in his brief. Thus, Bey has waived any challenge to our summary of the contents of the petition. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*).

[3] Judge Sponseller's order recusing himself in these two cases is in the certified record. In it, he acknowledges that Bey's PCRA petition asserts ineffective assistance of counsel claims against him.

bias or interest in the outcome," **Arnold**, 847 A.2d at 680 (citation omitted). If the judge determines he or she can be impartial, "the judge must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary." **Id**., at 680-681 (citation omitted)*.* A judge's decision to deny a recusal motion will not be disturbed absent an abuse of discretion. **See In re Lokuta**, 11 A.3d at 435.

Thus, even when a jurist is impartial, an appearance of partiality may require recusal when "an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." 207 Pa. Code § 15-4. However, our Supreme Court has also recognized that it

> would be an unworkable rule which demanded that a trial judge recuse whenever an acquaintance was a party to or had an interest in the controversy. Such a rule ignores that judges throughout the Commonwealth know and are known by many people, … and assumes that no judge can remain impartial when presiding in such a case.

**Commonwealth v. Perry**, 364 A.2d 312, 318 (Pa. 1976). Also,

> while the mediation of courts is based upon the principle of judicial impartiality, disinterestedness, and fairness pervading the whole system of judicature, so that courts may as near as possible be above suspicion, *there is, on the other side, an important issue at stake: that is, that causes may not be unfairly prejudiced, unduly delayed, or discontent created through unfounded charges of prejudice or unfairness made against the judge in the trial of a cause*. It is of great importance to the administration of justice that such should not occur. If the judge feels that he can hear and dispose of the case fairly and without prejudice, his decision will be final unless there is an abuse of discretion. This must be so for

the security of the bench and the successful administration of justice. Otherwise, unfounded and ofttimes malicious charges made during the trial by bold and unscrupulous advocates might be fatal to a cause, or *litigation might be unfairly and improperly held up awaiting the decision of such a question or the assignment of another judge to try the case*. If lightly countenanced, such practice might be resorted to, thereby tending to discredit the judicial system. The conscience of the judge alone is brought in question; he should, as far as possible, avoid any feeling of unfairness or hostility to the litigants in a case.

***Reilly by Reilly***, 489 A.2d 1291, 1299 (Pa. 1985) (emphasis added).

Here, other than the uncontested fact of Judge Sponseller's previous representation of Bey, Bey has provided no basis upon which a disinterested observer would base a significant doubt as to Judge Sponseller's impartiality. At the time of the trial, Bey had not yet filed an allegation of ineffectiveness against Judge Sponseller. Nor is there any indication that Judge Sponseller had previously occupied an adversarial role with respect to Bey. Finally, Bey provides no attempt to argue that Judge Sponseller was privy to otherwise privileged information that would have biased him against Bey by virtue of the prior representation.

Based upon the record before us, there is no evidence of an appearance of impropriety at the time Judge Sponseller denied Bey's request for recusal. Indeed, the record before us strongly suggests, but does not necessarily establish, that Bey is using his own lengthy history of motor vehicle violations to unduly delay the prosecution of pending violations. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/30/2018